## The City of Indianapolis v. Harbison.

BOUNTIES TO VOLUNTEERS.—The court being equally divided upon the question of the liability of the city of *Indianapolis* to pay a bounty to appellee, under a resolution of the city council offering bounties to volunteers, a division of opinion was certified.

APPEAL from the *Marion* Common Pleas.

GREGORY and ELLIOTT, J. J.—*Harbison's* complaint is for a bounty which he alleges is due him from appellant. The complaint states that men were needed to fill the quota of the city of *Indianapolis* under the call for troops, of *December*, 1864; that to procure the required number of volunteers to prevent a draft, the following resolutions were passed by the common council of said city, viz:

" *Resolved*, That the sum of twenty-five thousand dollars is hereby appropriated for the purpose of raising and mustering companies for the service of the *United States*, by the payment of bounties to such recruits as may enlist to the credit of the city of *Indianapolis*. And the clerk is hereby directed to issue and place in the hands of the finance committee warrants on the treasurer, payable on or after the first day of *December*, 1865, in such sums, and to the order of such persons as the committee may designate; and said committee is authorized to dispose of the same at not less than par, and shall pay the proceeds to the city treasurer, and the treasurer is authorized to pay the same out as follows: to any volunteer who shall be credited on the muster-in rolls to the city of *Indianapolis*, after this date, an amount not exceeding one hundred and fifty dollars; and no money shall be paid to any volunteer by the treasurer except upon a warrant signed by the mayor and the clerk, and the clerk shall issue no warrant except upon the certificate of the mayor that the volunteer has been duly credited on muster-in rolls to the city of *Indianapolis*.

"*And resolved further*, That a premium of ten dollars be paid to any person who shall procure an acceptable recruit,

as hereinbefore provided for; and should said recruit present himself, he shall be entitled to said premium."

.That afterwards, to-wit, on the 17th day of *January,* 1865, certain other resolutions were passed, which are as follows:

"*Resolved,* That the bounty now paid by the city to the persons who enlist under the call of the President of the *United States* for 300,000 more volunteers, dated *December* 20, 1864, be and the same is hereby increased to three hundred and seventy-five dollars, and that the premium be increased to twenty-five dollars, or if the recruit presents himself, that the bounty be increased to four hundred dollars for every acceptable recruit enlisted and mustered into service under said call, and accredited upon the quota of said city of *Indianapolis,* from and after the 17th day of *January,* 1865. And the city clerk is hereby authorized and directed to issue warrants on the city treasurer, in addition to the appropriations made by resolution dated *January* 2, 1865, sufficient to pay the bounty herein provided for, such warrants to be issued and disposed of in the same manner as provided in the resolution of *January* 2, 1865."

That the offer was made public by publication in the newspapers published in the city; that it thereby came to the knowledge of the appellee; that in consideration thereof he was induced to volunteer and be credited to the city, and on the 10th of *March,* 1865, before the quota of the city was filled, and before any notice was given by the city council that volunteers would no longer be paid bounties, he did enlist and was regularly mustered into the military service of the *United States* for one year, and was, at the special instance and request of the appellant, credited to the second ward in the city of *Indianapolis.* That he was mustered without the intervention of a recruiting agent. That he called immediately at the mayor's office, and upon the city clerk and treasurer for his money, having with him the proper evidence of his enrollment, muster and credit, but that the mayor refused to give him such a certificate as would enable

him to obtain the money, or in any way to recognize his claim. That he was immediately ordered away with his regiment by his superior officer, and could not call again until he was mustered out. That he again demanded his bounty of the city officials, but it was refused.

To this complaint the defendant demurred ; the demurrer was overruled and a proper exception taken. The appellant answered in five paragraphs. 1. General denial. 2. That the appropriation was a specific one, only drawn from upon the certificate of the mayor, and that the plaintiff had not obtained such certificate. 3. Want of consideration. 4. That the notices given of the appropriation by the officers of the city required persons proposing to claim bounty to first notify the city authorities of their intention to enlist. 5. That the notices given of the appropriation notified all persons desiring to enlist to first report to the mayor's office, and notify the city authorities of their intention to enlist, and that the appellee gave no notice of any such intention, and that appellant never had any notice of appellee's enlistment until long afterwards. To the second, fourth and fifth paragraphs, demurrers were sustained, and exceptions properly taken. Reply to the third paragraph, by the general denial.

The evidence given on the trial tended strongly to sustain the allegations of the complaint. There are a number of questions made and argued in this case, but with the exception of some formal objections to the exclusion of testimony, they all center in the main question involved viz: Was the appellee, under the facts averred and proved, entitled to the bounty offered by the city ? The appellee enlisted, was credited to the city, and the city received the benefit of his enlistment. He appeared in person before the mayor in due time, with the evidences of his enlistment and credit. According to the evidence the mayor required proof of his identity. The muster roll in the possession of the applicant, with the proper certificates, were the highest evidence that could be given of identity. The mayor, at the peril of the

city, could not require any higher proof. The appellee did everything that it was in his power to do. The city got the benefit of the enlistment, and ought not to be allowed to refuse payment because the officers of the city made an unreasonable requirement.

It is claimed that the city ought not to pay, because it undertook to borrow the money at the time in a special manner, thereby creating a special fund out of which these bounties were alone to be paid. It is difficult to perceive the force of this objection. The money, when borrowed, became a debt against the city, payable out of her general fund. That the intermediate step was not taken, is not a very cogent reason for withholding from the appellee money justly due him for services performed.

We think that the judgment of the court below is right, and that there was no error in the pleadings and proceedings which affect the substantial rights of the city.

We are therefore for affirming the judgment of the court below, with costs.

FRAZER and RAY, J. J.—The resolutions of the city council authorized the creation of a special fund by the sale of warrants on its treasury, at not less than par, for the payment of bounties. No authority was given to contract with any volunteer for the payment of a bounty to him otherwise than out of this special fund. The complaint fails to show that the finance committee were able to dispose of the warrants as authorized, so as to create the special fund.

From the foregoing considerations, it seems to us very plain indeed that the complaint was bad on demurrer. The question is, in our opinion, one of plain law, arising upon the face of the complaint, and we fail to perceive the force of the suggestions of our brethren concerning the abstract justice of the plaintiff's case, as applied to such a question. If the special fund was created, it was easy to aver it. If the fund was not raised, then the plaintiff could easily have

known that fact, and must be charged with such knowledge at the time he volunteered, and in that case, the justice of his claim becomes imperceptible.

*B. K. Elliott* and *J. B. Black*, for appellant.

*W. Morrow, R. M. Goodwin* and *W. H. Hay*, for appellee.